RECEIVED
USDC, CLE... CHARLESTON, SC
2010 OCT -4 A 11: 22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MARSHA S. SMITH, | ) | C. A. No. 2:09-2512-CMC-RSC |
| Plaintiff, | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District and on consent of the parties. 28 U.S.C. § 636(c).

The plaintiff, Marsha S. Smith, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for disability insurance benefits and supplemental security income benefits on January 3, 2006, alleging that she became unable to work on February 1, 1997, due to depression, panic attacks, chronic obstructive

pulmonary disease (COPD), arthritis, and degenerative disc disease of the lumbar spine. The applications were denied initially and on reconsideration by the Social Security Administration. On July 9, 2007, the plaintiff requested a hearing. The administrative law judge before whom the plaintiff appeared with her attorney and vocational expert, Carl Weldon, (Tr. 36-69) considered the case de novo, and April 13, 2009, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 8-16). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on August 1, 2009.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant met the insured status requirements of the Social Security Act through December 31, 2001, but not thereafter.
>
> 2. The claimant has not engaged in substantial gainful activity since February 1, 1997, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.). ...
>
> 3. The claimant has the following severe impairments: depression, panic attacks, chronic obstructive pulmonary disease (COPD), osteoarthritis and degenerative disc disease of the lumbar spine and marijuana abuse (20 CFR 404.1521 et seq. And 416.921 et seq.). ...
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically

2

equals one of the listed impairments in 20 CFR
Part 404, Subpart P, Appendix 1 (20 CFR 404.1525,
404.1526, 416.925 and 416.926).

5. After careful consideration of the entire
record, I find that the claimant has the residual
functional capacity to perform medium work as
defined in 20 CFR 404.1567(c) and 416.967(c)
except with restrictions to avoid exposure of
unprotected heights, avoid working around
machinery, and limited to work requiring only
simple routine and repetitive tasks, and limited
to work requiring only occasional contact withe
the public. ...

6. The claimant is unable to perform any past
relevant work (20 CFR 404.1565 and 416.965). ...

7. The claimant was born on December 12, 1953,
and was 43 years old, which is defined as a
younger individual age 18-49, on the alleged
disability onset date. The claimant subsequently
changed age category to closely approaching
advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school
education and is able to communicate in English
(20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material
to the determination of disability because using
the Medical-Vocational Rules as a framework
supports a finding that the claimant is "not
disabled," whether or not the claimant has
transferable job skills (See SSR 82-41 and 20 CFR
Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education,
work experience, and residual functional capacity,
there are jobs that exist in significant numbers
in the national economy that the claimant can
perform (20 CFR 404.1569, 404.1569a, 416.969 and
416.969a). ...

11. The claimant has not been under a disability,
as defined in the Social Security Act, from

February 1, 1997, though the date of this decision (20 CFR 404.1520(g) and 416.920(g).

Tr. 10-16.

**STANDARD OF REVIEW**

Under the Social Security Act, 42 U.S.C. § 405(g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390 (1971). Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shivey v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The court's scope of review is specific and narrow. It does not conduct a *de novo* review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405(g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20

C.F.R. §§ 404.1520, 1520a (1988). An administrative law judge must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents him from any substantial gainful employment. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An administrative law judge's factual determinations must be upheld if supported by substantial evidence, and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

**ARGUMENTS PRESENTED**

By brief the plaintiff presented the following two arguments:

> 1. The administrative law judge committed reversible error by not properly considering the opinions of examining physicians Drs. Scott and Tollison.
>
> 2. The administrative law judge committed reversible error by not properly explaining his Residual Functional Capacity (RFC) findings as required by Social Security Ruling 96-8p.

# **DISCUSSION**

The decision of the commissioner is not reviewable because of the administrative law judge's failure to provide a rational explanation of his decision which can be reviewed. Specifically the administrative law judge explained,

> With regard to her physical functional capacity I do find that the claimant is limited to no more than medium work considering that Dr. Scott did diagnosis (sic) degenerative disc disease, osteoarthritis, and degenerative joint disease of the knees. However Dr. Scott did not provide the x-rays to substantiate these findings or to establish the severity level of these conditions. Further more, he also indicated that she is limited to more than sedentary work; however there is no other evidence of record to support this level of limitation. In fact a review of all evidence of record establishes that the claimant has not complained of pain or limitations related to these conditions. This impllies that while she may have some musculoskeletal problems with minimal pain and limited range of motion involving her spine and some problems with her knees, she likely continued to misrepresent her capacities. Additionally there is no other evidence of record that establishes any functional limitations that would preclude medium work. Similarly, the State Agency medical consultants found no exertional limitations, and a finding for restricted range of medium work is well below their finding of no exertional limitations."

(TR. 14).

This evaluation is difficult to discern. First, the administrative law judge concludes the plaintiff can perform medium work, that is work that involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 CFR 404.1567(c). He cites no

6

evidence to support a finding that the plaintiff can perform medium work.

Second, the administrative law judge notes that the treating physician diagnosed degenerative disc disease, osteoarthritis and degenerative disc disease of the knees, and states, "Furthermore he also indicated she is <u>limited to more than sedentary work</u> . . .". Tr. 14 (emphasis added). Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. 20 C.F.R. § 404.1567(a). What Dr. Scott reported is, "With the findings involving both her knees and lumbar spine, I feel that this individual would be limited at most to a sedentary type of work. She can lift only 10 pounds or less on an occasional basis and is unable to repetitively bend or stoop. Also, she cannot climb. The osteoarthritic changes involving her knee would also prevent her from either prolonged standing or walking." (Tr. 564).

The court is left with not knowing whether the administrative law judge wrote imprecisely or actually misread Dr. Scott as saying the plaintiff could do more than sedentary work.

Third, the administrative law judge discounted Dr. Scott's diagnosis stating, "However, Dr. Scott did not provide the x-rays to substantiate these findings or to establish the severity level of these impairments." (Tr. 14).

Clearly Dr. Scott had x-ray evidence to support his findings. He specifically noted them stating, "X-rays of the lumbar spine demonstrate her scoliotic curve with some degenerative changes in the facet joints in the are of the curve. There is also moderate narrowing of the L3-4 and L5 disc spaces. Her knee x-rays demonstrate primarily medial compartment osteoarthritis with narrowing sclerosis at that site." (Tr. 245). Whether the administrative law judge was expecting the x-rays themselves to be submitted, as stated, or really was looking for the report from the radiologist, it is inappropriate to discount a physician's opinion on such insubstantial grounds without providing an opportunity to submit these records which were clearly extant.

Next the administrative law judge dismissed Dr. Scott's opinion on the totally conclusory statement that the plaintiff, "likely continued to misrepresent her capacities." (Tr. 14). Perhaps that opinion is based on his reference in his opinion to the plaintiff's being slow to admit to a physician at an earlier time that she had used marijuana. However the link from one to the other is tenuous at best.

8

Turning to the conclusion that the plaintiff could do medium work, the administrative law judge is further enigmatic in how he reached that conclusion. At one point, he references Dr. Korn saying the doctor opined the plaintiff "would be limited to light or medium work activity." (Tr. 14). What Dr. Korn in fact reported was, "I do not feel that she could perform general labor activities on more than a light to medium intensity basis. I believe she is limited by the curvature of her spine or ability to tote objects of weight." (Tr. 384). Finally the administrative law judge reasons, "Similarly the state agency medical consultants found no exertional limitations, and a finding for restricted range of medium work is well below their finding of no exertional impairment." (Tr. 14).

A review of the state agency medical consultants reports referenced by the administrative law judge (Presumably Tr. 413-420 and 443-450) reveals that they did not have the benefit of any treating or examining physician's statement's concerning the plaintiff's physical capacities when drawing their conclusions and they found absolutely no functional limitation except the inability to work around fumes. (Tr. 419 & 449). Further it goes without saying they never saw, much less examined, the plaintiff. These reports hardly provide substantial evidence to support the administrative law judge's opinion that the plaintiff is limited to medium work.

9

Here the distinction between sedentary work and medium work is crucial to the proper determination of the plaintiff's claim. The administrative law judge uses the "grids" as a framework to find the plaintiff "not disabled" based upon an ability to do a full range of medium work. (Tr. 15). 20 CFR Part 404, Subpart P, Appendix 2, § 203.22. However, if the plaintiff were limited to sedentary work, the grids would have directed a finding of "disabled." 20 C.F.R. Part 404, Subpart P, Appendix 2, § 201.14

Further, the administrative law judge concluded that the plaintiff's functional capacity was restricted because of her non-exertional impairments to the point that she could not do a full-range of work. Thus he inquired of a vocational expert. The expert concluded that if the plaintiff could not do a full-range of work there would still be light and medium work available to the plaintiff, but not sedentary work. (Tr. 63-65).

Therefore, given the lack of any evidence to support the conclusion that the plaintiff can perform medium work, and the conflicting evidence of the State Agency examiners who found no functional limitations, Dr. Korn who found the plaintiff unable to perform work of no "more than a light to medium intensity" and unable to "tote objects of weight," and the opinion of Dr. Scott that the plaintiff "would be limited at most to a sedentary type of work," it appears appropriate to remand this matter to the Commissioner to obtain an authoritative, fully informed

evaluation of the plaintiff's functional ability at the times in issue here and a decision which is based on a correct statement of the evidence and explicit.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that, pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the court should reverse the Commissioner's decision and remand the case to the Commissioner for full evaluation of the plaintiff's functional capacity, and a well reasoned opinion.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

October 4, 2010

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).