IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Marsha S. Smith | ) | C/A No. 2:09-2512-CMC-RSC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner

of Social Security denying Plaintiff's claim for Social Security Income. Plaintiff appealed pursuant

to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the

Report and Recommendation ("Report") of Magistrate Judge Robert S. Carr made in accordance

with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. For

the reasons set forth below, the court adopts the Report, which was filed on October 4, 2010,

reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and

1383(c)(3), and remands the matter to the Commissioner for further proceedings.

## I. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the court.

*Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination

of those portions of the Report to which specific objection is made, and the court may accept, reject,

or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter

to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social

Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances which would substitute the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

"From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits should be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## II. DISCUSSION

The Report recommends that the court reverse the Commissioner's decision and remand the case for further proceedings based on the failure of the administrative law judge ("ALJ") to support the conclusion that the Plaintiff can perform medium work. Dkt. No. 24 at 10 (Report). On October

14 , 2010, Defendant objected to this recommendation.

In his three page Objection, Defendant conceded that the ALJ's residual functional capacity ("RFC") explanation lacked clarity. He argued, nonetheless, that the decision was adequate because, when read as a whole, the RFC assessment and related "explanation [were] sufficient to trace the path of the ALJ's reasoning." Dkt. No. 25 at 1; *id.* at 3. The court disagrees. As the Report notes, the ALJ's opinion contains several incorrect or unsubstantiated statements including the following: (1) mischaracterizing the treating physician's report as stating that Plaintiff "is limited to more than sedentary work" (Tr. 14) when the physician's actual report stated "this individual would be limited at most to a sedentary type of work" (Tr. 564); (2) discounting the treating physician's report for not providing x-ray evidence (Tr. 14) when the ALJ knew the evidence was available but never requested it (Dkt. No. 24 at 8 (Report)); and (3) stating that the Plaintiff was misrepresenting her capacities (Tr. 14) without explaining the basis for this credibility determination.

Having fully considered Defendant's objections, the court adopts the reasoning and recommendation of the Report and remands the matter to the Commissioner.

### III. CONCLUSION

For the reasons set forth above, this court adopts the Report and Recommendation of the Magistrate Judge, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C.

§§ 405(g) and 1383(c)(3), and remands the case to the Commissioner for further proceedings

consistent with this order.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 9, 2010

4